UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                          )
                                )
Thomasine Wade Johnson,         )   Case No. 06-10342C-7G
                                )
          Debtor.               )

ORDER AND OPINION

This case came before the court on July 18, 2006, for hearing upon the Trustee's Motion Requesting Extension of Time Concerning 11 U.S.C. § 521(6) (the "Motion"). Dirk W. Siegmund appeared on behalf of the Trustee. Having the considered the motion and other matters of record in this case, the court finds and concludes as follows:

FACTS

When this case was filed on March 31, 2006, the Debtor listed a 2005 Nissan Murano (the "Nissan") in her Schedule B. In her Schedule D the Debtor listed the Nissan as being subject to a security interest in favor of WFS Financial ("WFS") securing an indebtedness of $35,650.00. The Nissan was shown as having a current value of $25,650.00. In her Statement of Intention which was filed on March 31, 2006, the Debtor stated that she intended to redeem the Nissan pursuant to 11 U.S.C. § 722. The meeting of creditors pursuant to 11 U.S.C. § 341 was held and concluded on April 24, 2006. The Motion was filed by the Trustee on June 7, 2006, apparently in contemplation of a possible proceeding by the Trustee to avoid the WFS security interest in the Nissan. In the

Motion, the Trustee asserts that a question existed as to the perfection of the security interest and that the Trustee had requested loan documents from WFS, but that WFS had not supplied the requested documents. The Motion states that additional time is needed in order for the Trustee to determine whether the Nissan is subject to a valid and perfected security interest and prays "the court extend the time limits set forth in 11 U.S.C. § 521 as it relates to the above-captioned personal property and to enter such other Orders as are necessary so as to allow the Trustee to obtain the documentation evidencing the alleged perfection of security interest. . . ."

## ANALYSIS

The Trustee apparently seeks an extension of the time limitation contained in section 521(a)(6). However, because section 521(a)(6) is not applicable in this case no such extension of time is needed or available and the Motion is moot as to the granting of relief under section 531(a)(6). While not entirely clear from the Motion, it appears that the Trustee may be seeking alternative relief under section 362(h)(2). To the extent that such relief is sought in the Motion, the Motion must be denied as untimely.

### Availability of Relief under Section 521(a)(6)

Section 521(a)(6) requires an individual debtor in a chapter 7 case who wishes to retain personal property to either redeem the

property or reaffirm the debt within 45 days after the first meeting of creditors with respect to property as to which a creditor "has an allowed claim for the purchase price." If the debtor fails to timely redeem the property or reaffirm the debt, section 521(a)(6) provides that the debtor shall not retain possession of the property and the stay under section 362(a) is terminated with respect to the personal property affected and such property shall no longer be property of the estate, "unless the court determines on the motion of the trustee filed before the expiration of such 45-day period, and after notice and a hearing, that such property is of consequential value or benefit to the estate, orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. . . ."

When the Motion was filed, the Debtor had neither redeemed the Nissan nor reaffirmed the WFS indebtedness and the Motion apparently was filed pursuant to the foregoing quoted language of section 521(a)(6). However, one of the requirements for section 521(a)(6) to come into play is that the creditor must have an "allowed claim." As a general rule, a creditor must file a claim in accordance with section 501 in order to have an allowed claim. See 4 COLLIER ON BANKRUPTCY ¶521.10[4] (15th ed. rev. 2006). WFS has not filed a proof of claim and does not have an "allowed claim" in this case. It follows that section 521(a)(6), including the

provision relied upon by the Trustee, is not applicable in this case. See In re Donald, 343 B.R. 524, 535-36 (Bankr. E.D.N.C. 2006). Hence, no relief is available to the Trustee or any other party in interest under section 521(a)(6).

## Availability of Relief under Section 362(h)(2)

There are other provisions of section 521 that are applicable and operative in this case. If an individual debtor's schedule of assets and liabilities includes debts secured by property of the estate, section 521(a)(2)(A) requires that within 30 days after the date of the filing of a petition under chapter 7 or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor file with the clerk a statement of her intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intents to reaffirm debts secured by such property.

Section 521(a)(2)(B) requires that within 30 days after the date first set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of section 521(a)(2).

The Debtor complied with section 521(a)(2)(A) when she filed her statement of intention on March 31, 2006, stating her intention to redeem the Nissan. But, the Debtor did not comply with section 521(a)(2)(B) because she did not perform her statement of intention by redeeming the Nissan within 30 days after the meeting of creditors on April 24, 2006, nor obtain an extension of time within which to do so. The consequences of such a failure is addressed in section 521(a)(2)(C), which provides:

> (C) nothing is subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, <u>except as provided in section 362(h)</u>;

Emphasis supplied.

Section 362(h)(1) provides that in a case in which the debtor is an individual, the stay provided by section 362(a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2) to comply with subparagraphs (A) and (B) of section 521(a)(2). However, section 362(H)(2) provides a means for a chapter 7 trustee to obtain relief from the operation of section 362(h)(1):

> (2) Paragraph (1) does not apply if the court determines on the motion of the trustee <u>filed before the expiration of the applicable time set by section 521(a)(2)</u>, after notice and a

> hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court does not so determine, the stay provided by subsection (a) shall terminate upon the conclusion of the hearing on the motion.

Emphasis supplied.

To the extent that the Trustee's Motion seeks relief pursuant to section 362(h)(2), the motion must be denied as untimely. Section 362(h)(2) requires that a motion seeking the relief provided therein must be filed before the expiration of the applicable time set by section 521(a)(2). The applicable time set by section 521(a)(2)(B) is 30 days after date set for the meeting of creditors, which in this case was April 24, 2006. This means that the deadline for the Trustee seeking relief under section 362(h)(2) was 30 days after April 24, 2006, or May 24, 2006. The Trustee's Motion was not filed until June 7, 2006, and therefore was untimely, which precludes any relief under section 362(h)(2).

While the Trustee is not entitled to relief under section 362(h)(2), it does not necessarily follow that the stay has lifted or that the Nissan no longer is property of the estate pursuant to section 362(h)(1). Under the operative language of section 362(h)(1) the stay lifts and abandonment occurs as to "personal property securing in whole or in part a claim. . . ." Thus, whether the stay has lifted as to the Nissan and whether it has

left the estate depends upon whether the Nissan secures a claim held by WFS. If not, section 362(h)(1) is not applicable and the stay has not lifted nor has the Nissan left the estate pursuant to section 362(h)(1). At this point, since the status of the Nissan is unclear, the Trustee is entitled to proceed with his investigation regarding the Nissan. The court will treat the Motion as seeking an examination of WFS pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and will grant the motion and order that WFS submit to an examination and produce all documentation regarding its interest in the Nissan. If the Trustee wishes to proceed with the examination, an order should be submitted by the Trustee setting forth the particulars regarding the requested examination and an appropriate subpoena should be issued as provided in Rule 2004(c). The Motion will be denied to the extent that it seeks relief under either section 521(a)(6) or section 362(h)(2).

IT IS SO ORDERED.

This 14th day of August, 2006.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

LIST OF PARTIES TO BE SERVED

Michael West, BA
101 South Edgeworth Street
Greensboro, NC 27401

Charles M. Ivey, III
PO Box 3324
Greensboro, NC 27402

Thomasine W. Johnson
4901 Chaucer Drive
Greensboro, NC 27407-4003

Jeffrey P. Farran, Esq.
706 Green Valley Rd, Suite 505
Greensboro, NC 27408

WFS Financial
Attn: Russell Evans
Northwest Bankruptcy Dept.
375 Corporate Drive, Suite 202
Seattle, WA 98188